UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20 CR 707 AGF (SRW) |
| | ) |
| MATTHEW THILGES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO SUPPRESS ALL EVIDENCE AND ANY
STATEMENTS MADE BETWEEN OCTOBER 21, 2020 AND OCTOBER 23, 2020**

Defendant Matthew Thilges, through his attorney, Assistant Federal Public Defender Brocca Morrison, moves to suppress all evidence and statements seized by law enforcement as a result the search of his residence and electronic devices on October 21, 2020 through October 23, 2020. In support of this motion he states:

Law enforcement began investigating online postings that would subsequently be connected to Mr. Thilges because of the nature of these statements. The posts included general threats of violence to online platforms: You Tube, Twitter, and Facebook—as well as police generally and the Democratic party. The posts were largely political in nature.

In October of 2020, a search warrant was obtained and executed at Mr. Thilges' residence. Law enforcement seized several firearms and electronic devices, including computers, cameras, SD cards, disks and phones. Agents also observed a sex doll they described as child-like. Subsequently, an agent did a forensic search of one of the phones and located four pictures of a minor, three with her pants down while sleeping and one unclothed in the bathtub. The same minor was included in several family photos on the device.

Agents then applied for and received an additional search warrant to further search the media seized in the October 21, 2020 search for evidence of child pornography. A search revealed images of child pornography and Mr. Thilges was charged with production and receipt of child pornography.

### *The First Warrant*

Probable cause to issue a search warrant exists if, under the totality of the circumstances, a showing of facts can be made sufficient to create a fair probability that evidence of a crime will be found in the place to be searched. *United States v. Summage*, 481 F.3d 1075, 1077 (8th Cir. 2007). When a judge relies solely upon a supporting affidavit to issue a search warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause. *United States v.* O'Dell, 766 F.3d 870, 874 (8th Cir. 2014). A defendant seeking to suppress evidence has the burden of showing by a preponderance of evidence that the

search warrant was not supported by probable cause. *Id.* Under the rule of exclusion, evidence obtained in violation of the Fourth Amendment is generally inadmissible in Court. *United States v. Crawford*, 220 F.Supp.3d 931 (2016).

Here, the initial affidavit cited online statements, e.g. "kill every employee at google and youtube", "I would love to stick a sword right through susan wojiski", Jack Dorsey, Twitter CEO "must die". Several general statements about killing democrats, youtube employees and law enforcement were also included. The affidavit further stated "the person of interest's comments suggest they have access to weapons and have the means and ability to carry out the threats." The support for this belief included comments about having 2 fully loaded semi-automatic weapons in his vehicle in St. Louis County, USA and that if someone bangs on his car, he will shoot them. The affidavit stated the defendant's email user accounts have comments going back to 2017 and that law enforcement has identified defendant and his address as being associated with these accounts and statements. The affidavit does not specify the crime of which there would be evidence, but Missouri law contains a statute making terrorist threats illegal:

> **574.115.  Making a terrorist threat, first degree — penalty. —** 1.  A person commits the offense of making a terrorist threat in the first degree if such person, with the purpose of frightening ten or more people or causing the evacuation, quarantine or closure of any portion of a building, inhabitable structure, place of assembly or facility of transportation, knowingly:

> (1)  Communicates an express or implied threat to cause an incident or condition involving danger to life; or
>
> (2)  Communicates a false report of an incident or condition involving danger to life; or
>
> (3)  Causes a false belief or fear that an incident has occurred or that a condition exists involving danger to life.

Nothing in the comments included in the affidavit is specific enough to constitute a violation of this statute. Rather the comments are general, political, and simply offensive opinions. While the opinions may not be popular, this type of venting is common online. This is true particularly in an election year. While it would stand to reason that the statements made online would be found in electronic media within Mr. Thilges' residence, the statements were not criminal.

Missouri Court of Appeals examined what a "true threat" is under § 574.115 in *State v. Metzinger*, 456 S.W.3d 84 (Mo. Ct. App. E.D. 2015) and determined that if the messages are not serious threats or don't display the intent to cause injury, but are rather merely tasteless and offensive, they are protected by the First Amendment. *Id*. at 96-97; *see also Virginia v. Black*, 538 U.S. 343 (2003). A true threat "excludes the kind of hyperbole, rhetorical excesses, and impotent expressions of anger or frustration that in some contexts can be privileged even if they alarm the addressee." 16A Am.Jur.2d Constitutional Law § 527.

In *United States v. Crawford*, a search warrant was upheld where after an incident at a restaurant between two local residents, one of them posted a series of threatening messages to the other. 220 F.Supp.3d at 934. The threats were specific and involved two people who knew each other and had engaged in a verbal altercation. *Id*. Similarly, in *Unites States v. Jones*, a search was upheld where the defendant was arrested and subsequently posted online threats aimed directly at the officer who had arrested him. 942 F.3d 634, 637 (4th Cir. 2019).

These cases are unlike the facts here which don't show any connection between Mr. Thilges and any of the names used in these vague statements. The affidavit included no suggestion that Mr. Thilges ever attempted to carry out any act of violence or locate the famous names involved. Certainly nothing suggested he ever had any contact with them or any personal interaction. His statements were simply hyperbole and banter and not unlike much online rhetoric.

### *The Second Warrant*

The affidavit for the second search warrant similarly failed to provide the Court with probable cause that evidence of the crime of production or receipt of child pornography existed. The affidavit listed as its basis for probable cause: four images that portray a child who is a member of Mr. Thilges' family with her buttocks and pelvic area exposed while sleeping and in the bathtub. There are several family photos

˘ 5 ˘

including the minor included in the camera roll as well. The affidavit further cited to a sex doll that the agent describes as appearing child-like. Without further information, such as credible allegations against Mr. Thilges or online image sharing of child pornography, there simply was not probable cause of a crime here. Many innocent photos exist of children not fully clothed and a sex doll in and of itself did not suggest a crime. Moreover, nothing in Mr. Thilges' online posts suggested evidence of a crime involving child pornography. Nude pictures of minors, without more, are not criminal. *Osborne v. Ohio*, 495 U.S. 103, 112 (1990); *see also Doe v. Chamberlain*, 299 F.3d 192 (3rd Cir. 2002).

WHEREFORE, Defendant respectfully requests that the Court find each search warrant invalid because there was no probable cause to support a crime had been or would be committed and therefore no belief that evidence of a crime would be found upon a search.

Respectfully submitted,

/s/ Brocca Morrison
Assistant Federal Public Defender
1010 Market Street - Suite 200
St. Louis, Missouri   63101

Telephone: 314 241 1255
Fax: 314 241 3177
E-Mail: Brocca_Morrison@fd.org

Attorney for Defendant

## CERTIFICATE OF SERVICE

      Assistant Federal Public Defender Brocca Morrison certifies that she filed Defendant's Motion to Suppress Evidence electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorney Colleen Lang.

      Dated June 10, 2021.

                                                        /s/ Brocca Morrison