UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20CR0707 AGF (SRW) |
| | ) |
| MATTHEW THILGES, | ) |
| | ) |
| Defendant. | ) |

## **GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant Matthew Thilges, represented by defense counsel Timothy

Smith, and the United States of America (hereinafter "United States" or "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri. This

agreement does not, and is not intended to, bind any governmental office or agency other than

the United States Attorney for the Eastern District of Missouri. The Court is neither a party to

nor bound by this agreement.

**2.    GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Count Two of the charge, the United States agrees to

dismiss Counts One and Three in the superseding indictment at sentencing, no further federal

prosecution will be brought in this District relative to the defendant's production of child

pornography, receipt of child pornography or possession of an illegal weapon of which the

Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The defendant's Total Offense Level is thirty (30), however, in exchange for his voluntary guilty plea, both parties jointly recommend to the Court a sentence of 84 months in prison. Neither party will argue for more or less than 84 months in prison.

The Court is neither a party to this agreement.

The defendant understands he is subject to a mandatory minimum sentence of five (5) years in prison.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items to the United States, including, but not limited to: all weapons (including ammo and weapon-related paraphernalia) seized from defendant's home by law enforcement on or about October 21, 2020, including:

- Springfield Armory XD-40 handgun, S/N XD487725
- Smith and Wesson M&P assault rifle, S/N JAL3958
- Smith and Wesson M&P 15-22 assault rifle, S/N JAL7217
- Bushmaster Carbon 15 assault rifle, S/N CRB052097
- Smith and Wesson M&P 15 assault rifle, S/N SU21850
- Bushmaster XM15-E2S assault rifle, S/N BFIT032834
- CXV model CCR15 assault rifle, S/N GTOC011450
- Bushmaster Carbon 15 assault rifle, S/N CBC038817
- Bushmaster Carbon 15 assault rifle, S/N CBC037142
- Tactical Vest with 3 loaded pistol mags and 4 loaded rifle mags
- Two 100-round drum magazines, loaded
- Additional pistol magazines, assault rifle magazines and ammunition

The defendant also agrees to forfeit all seized cell phones and computers including:

- Samsung smartphone model SM-S727VL, Android ID a27105f4168ca672
- Black LG Rebel 4 smartphone, model LG GSNLNL212VL

- Acer desktop computer serial # DTB0ZAA00161604E6B3000
- Asus router serial # H71AGZ001413
- Sony video camera serial #482386
- Dell desktop computer serial # GK3TYV1
- Nikon Coolpix L830 serial # 31031134
- Komputer Bay 64GB SD card
- 42 writable Sony DVD-R disks, in individual black plastic hardcases

The defendant agrees that said item may be disposed of by law enforcement officials in any manner. The defendant further agrees to sign FBI's abandonment form authorizing the FBI to retain and dispose of all aforementioned seized weapons and computer devices.

## 3.    **ELEMENTS:**

As to Count Two, the defendant admits to knowingly violating, Title 18, United States Code, Section 2252A(a)(2), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Receipt of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly received (2) using any means or facility of interstate commerce, including by computer, (3) images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

## 4.    **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Summary.

The defendant was being investigated by the FBI for violent threats he had posted online. A search of his home and computer devices revealed that the defendant had received from the

3

internet and possessed numerous files of child pornography, as well as, images he had taken of a minor child partially undressed.

Detailed Facts.

FBI St. Louis received information from a United States business regarding an online user of their platform who was advocating for violence and making threats of violence by leaving comments on videos on their platform. The business provided the comments to law enforcement out of a concern for life and safety of others. An investigation revealed the online poster to be Matthew Thilges, the defendant. The defendant made numerous threatening comments directed at YouTube, Google, Facebook and Twitter, including expressing his wish to "kill every employee at google and youtube," as well as threatening comments directed at specific high ranking company officials. Threats posted by the defendant escalated in the beginning of October of 2020 to include threats against law enforcement and children. (i.e.: "If a cop , ANY cop , shows up at your door WITHOUT a warrant and attempts to KIDNAP you or any member of your family , you are not only entitled to shoot it in the face , you are OBLIGATED to do so as an American Citizen." And "– democrat children are easier to shoot than democrat "parents". They're not as fast.")

The defendant's comments suggested that he had access to weapons and the means and ability to carry out the threats.

Further investigation by FBI St. Louis identified that the defendant was living in House Springs, Missouri. A federal search warrant for the defendant's home was authorized by the United States District Court for the Eastern District of Missouri on October 19, 2020 for evidence relating to violations of 18 U.S.C. § 875. The FBI executed said search warrant on October 21, 2020, and seized electronic evidence and media including:

4

- Samsung smartphone model SM-S727VL, Android ID a27105f4168ca672
- Black LG Rebel 4 smartphone, model LG GSNLNL212VL
- Acer desktop computer serial # DTB0ZAA00161604E6B3000
- Asus router serial # H71AGZ001413
- Sony video camera serial #482386
- Dell desktop computer serial # GK3TYV1
- Nikon Coolpix L830 serial # 31031134
- Komputer Bay 64GB SD card
- 42 writable Sony DVD-R disks, in individual black plastic hardcases

While searching the residence, agents encountered a child-like sex doll in a bedroom closet. The sex doll was photographed but not seized.  Also an array of weapons were located in the defendant's home, including:

- Springfield Armory XD-40 handgun, S/N XD487725
- Smith and Wesson M&P assault rifle, S/N JAL3958
- Smith and Wesson M&P 15-22 assault rifle, S/N JAL7217
- Bushmaster Carbon 15 assault rifle, S/N CRB052097
- Smith and Wesson M&P 15 assault rifle, S/N SU21850
- Bushmaster XM15-E2S assault rifle, S/N BFIT032834
- CXV model CCR15 assault rifle, S/N GTOC011450
- Bushmaster Carbon 15 assault rifle, S/N CBC038817
- Bushmaster Carbon 15 assault rifle, S/N CBC037142
- Tactical Vest with 3 loaded pistol mags and 4 loaded rifle mags
- Two 100-round drum magazines, loaded
- Additional pistol magazines, assault rifle magazines and ammunition

On October 21, 2020, an FBI agent conducted a forensic extraction of data from the defendant's Samsung smartphone model SM-S727VL, Android ID a27105f4168ca672. While reviewing the data extracted from the device, the Agent encountered three deleted images on the SD card  of a minor female approximately six to eight years old sleeping on the defendant's couch. In two of the images the child is asleep on the couch on her stomach and her pants are pulled down completely exposing her buttocks, which is the focal point of the images. In the last image, the same child is sleeping on the couch, but on her back this time and pants are pulled down partially

5

exposing her pelvic area and stomach. A blanket on the child's thighs appears to obstruct the camera view of her genitals, which is the focal point of the image.

The minor female depicted in the images described above appears in many benign images found on the subject's Samsung device, including in several photos with two other minors, one male and one female. There is also a photograph of the minor female, approximately 5-7 years of age, standing in what appears to be the defendant's residence, holding an assault rifle. A caption added to the top left corner of the image states "make the world a better place, shoot a liberal in the face".

On October 22, 2020 a federal search warrant was obtained to search the electronic evidence and media for evidence of production, possession, receipt or distribution of child pornography.

On October 23, 2020, upon receipt of an authorized search warrant, an agent began viewing the file structure of the Acer desktop computer (which has been manufactured outside of Missouri and transported in interstate and foreign commerce) serial # DTB0ZAA00161604E6B3000, in preparation for processing the device's data with a forensic analysis tool. Upon viewing the device's file structure, the agent immediately located an image of child pornography under the device user's "downloads" subfolder. Further forensic processing of data on the Acer desktop computer device identified over seven thousand images of child pornography, which were deleted (from the operating system's file structure), but were still located in the device's unallocated space. Forty-eight (48) videos of child pornography were also located on the Acer. Many of these videos and images in the defendant's collection depicted prepubescent minor children under the age of twelve and engaged in sexually explicit

conduct. Some of the child pornography images and videos also portrayed sadistic or masochistic conduct, or other depictions of violence.

In summary, and as defendant, now admits, between January 1, 2019 and October 21, 2020, in the Eastern District of Missouri, defendant knowingly received image and video files of child pornography over the internet. He stored these child pornography images that he received from the internet on his Acer computer, including, but not limited to the following:

1) "OMEGLE_Vol.17.mkv" – a graphic video file depicting a minor prepubescent male child's genitals being touched by a female;
2) "32C349AA8613D0FF1DC988A7C251E79D" – a graphic video file of a minor prepubescent female child performing oral sex;
3) "37WDW.jpg" – a graphic image file that depicts a minor prepubescent female in a three-picture collage where the minor female is depicted standing in front of the camera in a lascivious display of her genitals and with a penis in her mouth.

Defendant knowingly possessed more than ten thousand images of child pornography where each video is considered to be equivalent of 75 images. The Defendant received images and videos depicting child sexual abuse from the Internet, a means or facility of interstate commerce. The Defendant saved these images on a computer hard drive that were manufactured outside of the state of Missouri and therefore traveled in interstate and foreign commerce. Many of these images and videos were of prepubescent minor children engaged in sexually explicit conduct, and some portrayed sadistic or masochistic conduct, or other depictions of violence including bondage. Many of the children in these videos and images appeared to be under the age of twelve years old.

The internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The internet is a means and facility of interstate and foreign commerce.

## 5.   **STATUTORY PENALTIES:**

As to Count Two, the defendant fully understands that the maximum possible penalty provided by law for the crime of Receipt of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than **life** and not less than five years. **The defendant fully understands that the crime to which a guilty plea is being entered, Receipt of Child Pornography, requires a mandatory minimum term of imprisonment of at least five years.**

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

(1)   $17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5), regarding the possession of, or access with intent to view, child pornography;

(2)   $35,000.00 if convicted of any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes offenses under:
    i.     18 U.S.C. § 2251(d);
    ii.    18 U.S.C. §§ 2252(a)(1) through (3);
    iii.   18 U.S.C. §§ 2252A(a)(1) through (4);
    iv.   18 U.S.C. § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)); or
    v.    18 U.S.C.2260(b);

(3)   $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under:
    i.     18 U.S.C. § 2251(a) through (c) (production of child pornography);
    ii.    18 U.S.C. § 2251A (selling or buying of children);

iii.     18 U.S.C. § 2252A(g) (in cases in which the series of felony violations involve at least one of the violations listed in this subsection);

iv.     18 U.S.C. § 2260(a); or

v.     any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256).

**6.**    **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.**    **Chapter 2 Offense Conduct: Count Two, Receipt of Child Pornography:**

**(1) Base Offense Level:** The parties agree that the base offense level is twenty-two (22) as found in Section 2G2.2(a)(2).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(a)    two (2) levels should be decreased pursuant to Section 2G2.2(b)(1) because the defendant's conduct was limited to the receipt and he did not intend to distribute material involving sexual exploitation of a minor,

(b)    two (2) levels should be added pursuant to Section 2G2.2(b)(2), because "the material involved a prepubescent minor or minors who had not yet attained the age of 12 years,"

(c)    four (4) levels should be added pursuant to Section 2G2.2(b)(4), because "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence,"

9

(d)     two (2) levels should be added pursuant to Section 2G2.2(b)(6), because "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of material,"

(e)     five (5) levels should be added pursuant to Section 2G2.2(b)(7)(D), because the offense involved "at least 600 images" of child pornography.

**b.**     **Chapter 3 Adjustments:** The parties recommend the following adjustments, other than acceptance of responsibility, apply: none

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a), and (b), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2)     Other Adjustments:** The parties agree that the following additional adjustments apply: none

**c.**     **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is thirty (30).     The parties jointly agree to recommend a sentence of 84 months in prison.

**f.**     **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable

category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

       **g.**     **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

       **a.**     **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

       **(1)**     **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

       **(2)**     **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant to 84 months in prison or below, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History.  Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above 84 months in prison.

**b.**   **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.**   **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**   **OTHER:**

**a.**   **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

**b.**   **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.**   **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised

12

release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d.     Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

> (1)     Chapter 77 (relating to peonage, slavery, and trafficking in persons, including, but not limited to, 18 U.S.C. § 1591 (Sex trafficking of children by force, fraud, or coercion));
>
> (2)     Chapter 109A (relating to sexual abuse);
>
> (3)     Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child

13

pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

(4)    Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b) (enticement of a child) and 18 U.S.C. § 2423 (transportation of minors)); or

(5)    Section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling), unless the person induced, assisted, abetted or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of the law.

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

**e.**    **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.**    **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of

14

restitution per victim for each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

      **g.**    **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: all weapons (including ammo and weapon-related paraphernalia) seized from defendant's home by law enforcement on or about October 21, 2020, including:

- Springfield Armory XD-40 handgun, S/N XD487725
- Smith and Wesson M&P assault rifle, S/N JAL3958
- Smith and Wesson M&P 15-22 assault rifle, S/N JAL7217
- Bushmaster Carbon 15 assault rifle, S/N CRB052097
- Smith and Wesson M&P 15 assault rifle, S/N SU21850
- Bushmaster XM15-E2S assault rifle, S/N BFIT032834
- CXV model CCR15 assault rifle, S/N GTOC011450
- Bushmaster Carbon 15 assault rifle, S/N CBC038817
- Bushmaster Carbon 15 assault rifle, S/N CBC037142
- Tactical Vest with 3 loaded pistol mags and 4 loaded rifle mags
- Two 100-round drum magazines, loaded
- Additional pistol magazines, assault rifle magazines and ammunition

The defendant agrees to abandon his interest in all above seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant further agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities.  Defendant specifically agrees to the forfeiture of the following:

- Samsung smartphone model SM-S727VL, Android ID a27105f4168ca672
- Black LG Rebel 4 smartphone, model LG GSNLNL212VL
- Acer desktop computer serial # DTB0ZAA00161604E6B3000
- Asus router serial # H71AGZ001413
- Sony video camera serial #482386
- Dell desktop computer serial # GK3TYV1
- Nikon Coolpix L830 serial # 31031134
- Komputer Bay 64GB SD card
- 42 writable Sony DVD-R disks, in individual black plastic hardcases

The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners.  The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

**9.      ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant

beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following

17

conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.     **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or

indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.  CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.   **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

6/7/2023
Date

COLLEEN LANG
Assistant United States Attorney

6-7-23
Date

MATTHEW THILGES
Defendant

6/7/23
Date

TIMOTHY SMITH
Attorney for Defendant

20