**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   **Cause No.: 4:20-CR-00707 AGF-SRW** |
| **v.** | ) |
| | ) |
| | ) |
| **MATTHEW THILGES,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S OBJECTIONS TO**
**PRESENTENCE INVESTIGATION REPORT**

COMES NOW the Defendant, MATTHEW THILGES, by and through his attorney, Timothy J. Smith, objects to the below listed sections of said Presentence Investigation Report:

1.  Defendant objects to Paragraphs 22-37,96, 99 for the following reasons:

    a.  18 U.S.C. Section 2259 apply to incidents where a person has been convicted of either Trafficking or Production of Child Pornography. In the instant case, the Defendant pled guilty to one count of "Receipt of Child Pornography" consequently 18 U.S.C. Section 2259 does not apply.

    b.  The Amy, Vicky, and Andy Child Pornography Victim Assistance Act Section 4(D)(2) states "In general a Victim may obtain monetary assistance under this Section once. Thus, since the Government has the burden of proof, it must show that said victims have never been obtained money under this Section or Act in the past.

    c.  Under both the Mandatory Victim Restitution Act of 1996, and Amy, Vicky, and Andy Child Pornography Victim Assistance Act, there must be nexus between the crime and any damage that the victim sustain. Congress intended for individuals who are convicted of Production or Trafficking of Child Pornography to pay restitution. Thus, 18 U.S.C. 2259 applies to individuals who have been convicted

of producing or trafficking Child Pornography, and not individuals who have pled guilty to being in receipt of child pornography.

    d.  The Government bears the burden of proving the amount of restitution for victim losses. Per PSR Paragraph 37, the Government should be required to provide specifics regarding each victims' expenses (ie medical treatment, counseling, etc), rather than a blank or general statement.

    e.  The Mandatory Victim Restitution Act of 1996 recognizes the Court may decline to order restitution if it finds determining restitution is too complex.

2.  Defendant objects to Paragraph 44, said material did not depict scence of violence, pain, or suffering.

3.  Regarding Paragraph #61, Defendant was not arrested because of this citation.

4.  Regarding Paragraph #63, Defendant shared a relationship with Jeanette Phelps from 2001-2021.

5.  Regarding Paragraph #77, Defendant was not terminated from the employer. The Defendant resigned from his position at said company.

6.  Regarding Paragraph #79, the Defendant has been employed as a machinist for 30 years and not 20 years.

Respectfully submitted:

**RUDMAN & SMITH, LLC**

By:*/s/ Timothy J. Smith*
Timothy J. Smith, #48655(MO)
2611 South Big Bend Blvd.
St. Louis, Missouri 63143
T: 314-645-7246
F: 314-645-4156
E: tjsmith@rudmansmithlaw.com

***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify on this 25th day of August 2023; the foregoing was filed electronically with the Clerk of Court to be served by operation of the Federal Court's electronic filing system.

*/s/ Timothy J. Smith*