UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.    4:20CR-0707   AGF |
| MATTHEW THIGLES, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

COMES NOW the United States of America, by and through its attorneys Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Colleen C. Lang, Assistant United States Attorney for said District, and responds to the defendant's objection to the Presentence Investigation Report (PSR), Doc. #143.

Defendant objects to several portions of the PSR by paragraph number. The Government will respond below to each objection of the defendant. The Government is referring to the Disclosure PSR below in this response, Doc. #141.

RESPONSE TO PSR OJBECTIONS:

1. The defendant's first set of objections (listed (a)-(e)) all relate to the restitution statutes. First, the defendant objects to paragraphs #27-33, 96, 99 regarding restitution requests from victims. The defendant claims that Title 18 U.S.C. Section 2259 does not apply to offenders charged with Receipt of Child Pornography. That is incorrect. All child pornography offenses are subject to 18 U.SC. Section 2259(a) and 3663A - which states that restitution is owed to victims of child pornography offenses. Also

1

see *United States v. Paroline*, 134 S.Ct 1710 (2014), which held that all known and identified victims of child pornography offenses could request restitution from the defendants that received, trafficked, produced, or possessed their images. This objection should be overruled.

2. In defendant's objections to the PSR paragraph (b), the defendant objects to a statute without citing a paragraph number of PSR. In particular, the defendant objects to Title 18 U.S.C. Sections 2259(d)(1)(A) and 2259(d)(1)(D) – which instructs that victims only receive money from the reserve fund once. This is not at issue in this matter as the victims in this case have not elected to get any assistance from the reserve fund listed in that statute and instead are individually pursuing their claims against defendants who have possessed their images in the past. This objection should be overruled.

3. In paragraph (c) of the defendant's objections, he again objects that he is subject to the Amy, Vicky and Andy Child Pornography Act. Similar to the response in paragraph one above, all child pornography offenses are subject to this Act. Also see *United States v. Paroline*, 134 S.Ct 1710 (2014). This objection should be overruled.

4. In response to paragraph (d) of the defendant's objections, while the government bears the burden of proving the victim's losses, they have done so in the filings provided by the victims. Please see sealed filings documenting the numerous victims' mental health counseling/psychiatry expenses, lost wages, etc. Doc. #50-53, #57-59, #126-130, #136, #140, #142. This objection should be overruled.

5. In response to defendant's objection that the Court can decline restitution that is too complex, the government does not believe that restitution requests in this case are overly complex. The Government will be filing a memo shortly outlining the restitution requests and proposed amounts.

6. The defendant objects to paragraph #44, stating the material did not depict violence. Paragraph #44 is a specific offense characteristic under USSG Section 2G2.2(b)(4)(A) which adds four levels for sadistic or masochistic conduct or other depictions of violence. The Courts have found repeatedly that any sexual penetration of a child or by a child is "sadistic or masochistic conduct" including oral sex on a child. See *United States v. Cloud*, 630 Fed.Appx. 236, 237 (5th Cir. 2015). The images the defendant possessed and received, including the images listed in the indictment involve sexual penetration of a minor. See files listed in Count Two indictment:   "32C349AA8613D0FF1DC988A7C251E79D" – a graphic video file of a minor prepubescent female child performing oral sex; "37WDW.jpg" – a graphic image file that depicts a minor prepubescent female in a three-picture collage where the minor female is depicted standing in front of the camera in a lascivious display of her genitals and with a penis in her mouth. The PSR is correct and this objection should be overruled.

7. As to the objections to paragraphs #61, #63, #77, and #79 – these objections deal with details of the defendant's life. The government has no position on these as the government has no information to the contrary.

## **CONCLUSION**

As the government has outlined above, a majority of the Defendant's objections to the PSR should be overruled. The guidelines and total offense level in the PSR were calculated correctly.

Respectfully submitted,
SAYLER FLEMING
United States Attorney


*/s/ Colleen C. Lang*
COLLEEN C. LANG #56872MO
Assistant United States Attorney
111 South 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200


## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel, Tim Smith, attorney for defendant.

*/s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney